**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE TOWNSHIP OF CRANFORD,**<br><br>Plaintiff,<br><br>v.<br><br>**CRANFORD HARRISON DEVELOPERS, LLC,**<br><br>Defendants. | Civil Action No. 23-4367 (SDW) (JSA)<br><br><br>**REPORT AND RECOMMENDATION** |

**ALLEN, U.S.M.J.**

**THIS MATTER** comes before the Court upon the motion of Plaintiff The Township of Cranford ("Plaintiff") to dismiss, or alternatively to remand, the above-captioned action to state court. (ECF No. 4). The Court has received no opposition to the motion.[1] The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the Undersigned for a Report and Recommendation. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered the submissions, and for the reasons that follow, this Court respectfully recommends that the motion to remand be **GRANTED**.

---

[1] This Court's official docket confirms that Defendants Cranford Harrison Developers, LLC ("CHD") and Alex Pavlovsky ("Pavlovsky") (sometimes collectively "Defendants") have not submitted any papers in connection with the merits of the motion. As noted by Plaintiff's counsel in his September 22, 2023 submission, Plaintiff filed the motion on August 25, 2023. (ECF No. 5). On or about August 22, 2023, defense counsel, James Lisa ("Lisa"), was suspended from the practice of law. (*Id.*). As a result, Plaintiff's counsel served Defendants directly with a copy of the motion papers via regular mail and electronic mail. (ECF No. 5). As confirmed by order of the New Jersey Supreme Court, on August 18, 2023, Lisa was suspended from the practice of law in New Jersey and subsequently disbarred on October 2, 2023. *See* 10/2/23 Order of the New Jersey Supreme Court filed in *In the Matter of James R. Lisa An Attorney at Law*, Case No. 088672. At no time have Defendants filed a request for additional time to submit opposition to the motion or to retain new counsel.

**I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On or about July 6, 2023, Plaintiff commenced this action in the Superior Court of New Jersey, Chancery Division, Union County by filing an Order to Show Cause for temporary restraints ("OTSC") and a Verified Complaint for Injunctive Relief ("Complaint").  (*See generally* OTSC & Compl., ECF No. 3).  Plaintiff alleges that in 2020, Defendants applied to the Township of Cranford's Zoning Board of Adjustments ("Zoning Board"), seeking approvals for several variances and waivers for the construction of a multi-story mixed-use development at 24 South Avenue West, Block 474, Lot 1, (the "Property"). (*Id.* at ¶ 9).  Plaintiff further alleges that, following hearings and putative revisions, Defendants, on September 12, 2022, requested that their application be adjourned without date pending further revisions. (*Id.* at ¶ 11).  Plaintiff also alleges that more than five months passed without receiving any further communications or submissions from Defendants. (*Id.* at ¶ 12).  As a result, on February 13, 2023, the Zoning Board dismissed Defendants' application without prejudice. (*Id.*).

Two months later, on April 11, 2023, Pavlovsky allegedly wrote to the Township of Cranford, declaring his intent to proceed with the proposed development without obtaining any approvals or permits. (*Id.* at ¶ 13).  Plaintiff claims that demolition and construction began on the Property. (*Id.* at ¶¶ 15-16).  It further alleges that due to unpermitted construction work and unsafe construction conditions on the Property, the Township of Cranford, began, in May 2023, to issue a series of notices and orders, which directed Defendants to vacate the building on the Property and imposed penalties for violating New Jersey's Uniform Construction Code and Uniform Fire Code. (*Id.* at ¶¶ 17-32).  According to Plaintiff, despite the issuance of notices and orders, Defendants continued the illegal and unsafe construction on the Property. (*Id.* ¶¶ 30, 33).

The Complaint states that Plaintiff seeks an order directing Defendants to "cease the illegal and recklessly dangerous construction activities" on the Property, which Defendants are intentionally continuing without obtaining approval and permits," in violation of New Jersey's Municipal Land Use Law, Uniform Construction Code, and Uniform Fire Code. (*Id.* at ¶¶ 1, 36-72 (Counts 1-3); ECF No. 1 at 2). Plaintiff also seeks an order requiring Defendants to pay all outstanding penalties, related costs, and counsel fees. (*Id.* at pp. 11-12).

On July 11, 2023, the Honorable Thomas J. Walsh, P.J.F.P., of the Superior Court entered the OTSC and enjoined Defendants from entering or occupying the Property without first receiving the necessary approvals and permits. (ECF No. 3). Defendants were directed to respond to the OTSC by August 4, 2023. (*Id.*).

Instead, on that date, Defendants electronically filed a submission labeled as a "Motion," in the state court. (Decl. of Ryan Cooper ("Cooper Cert.") at Exhs. A and C, ECF No. 4-3). The "Motion" consisted of a series of documents, including an Affidavit from Pavlovsky dated August 2, 2023 ("Pavlovsky Affidavit"); an undated Notice of Removal; a Notice of Filing of Removal which is dated in one place as August 4, 2023 and undated in another place; the OTSC; and the Complaint (sometimes collectively "the August 4th papers"). (*Id.* at Exh. A, ECF No. 4-3). In email correspondence dated August 8, 2023, Pavlovsky advised Plaintiff's counsel that the civil action had been removed by Lisa. (*Id.* at Exh. B). However, as Plaintiff's counsel correctly points out and the District Court official docket confirms, Defendants did not remove this civil action until August 11, 2023. (N/R, ECF No. 1).

Following removal, on August 14, 2023, the state court issued a Deficiency Notice, stating that Defendants' August 4th submission, if a motion, did not include a notice of motion or the required filing fee. (*Id.* at Exh. C). The state court advised that until the submission was corrected,

the Court would not enter the August 4th papers on the docket. (*Id.*). Plaintiff submits that at no time did Defendants correct the August 4th papers. (*Id.*). Instead, on August 23, 2023, after Lisa had been suspended from practicing law, Pavlovsky filed another copy of the Pavlovsky Affidavit; a Notice of Removal dated July 11, 2023; a Notice of Filing of Removal dated August 11, 2023; the OTSC, and the Complaint ("August 23rd removal papers"). (*Id.* at Exh. D). On the following day, the Honorable Robert J. Mega, P.J.Ch., issued an Order to stay the case, pending this Court's acceptance of the removal petition filed on August 11, 2023. (*Id.* at Exh. E). On the next day, August 25, 2023, Plaintiff filed the instant motion. (ECF No. 4).

## II.     ANALYSIS

Plaintiff advances two primary arguments. First, Defendants' failure to properly effect removal means this action remains pending in the state court, and thus subject matter jurisdiction is lacking. (ECF No. 4-1 at 8). Second, as the amount in controversy is far less than the required $75,000 for federal diversity jurisdiction, this Court lacks subject matter jurisdiction. (*Id.* at 9). The Court first addresses whether dismissal or remand is appropriate based on Defendants' purported failure to effectuate removal.

A defendant may remove a civil action filed in state court to a district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *see Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citation omitted). That same party bears "the burden of demonstrating that removal[] was proper." *Sandoval v. LifeCell Corp.*, Civ. No. 21-17705, 2021 U.S. Dist. LEXIS 250607, *4 (D.N.J. Dec. 3, 2021), *Report and Recommendation adopted by* 2022 U.S. Dist. LEXIS 7519 (D.N.J. Jan. 14, 2022). Removal

4

statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (*citing Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). After a defendant removes a case, "the district court, however, may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking." *Dutton v. Ethicon, Inc.*, 423 F. Supp.3d 81, 85 (D.N.J. 2019).

### A. Challenge to the Removal Process

Plaintiff argues that Defendants failed to meet the three statutory steps to effectuate removal, pursuant to 28 U.S.C. § 1446(d), and thus the Court lacks subject matter jurisdiction. Specifically, Plaintiff contends that Defendants misrepresented to the state court, on August 4, 2023, that they had properly removed the action to this Court. (ECF No. 4-1 at 9). Plaintiff continues that even after Defendants eventually filed the Notice of Removal on August 11, 2023 in this Court, they did not promptly give the requisite written notice to Plaintiff or file a copy of the notice with the state court. (*Id.*).

As a threshold issue, the Court addresses whether the purported removal defect is procedural or jurisdictional. The Court begins with a review of the relevant federal removal provisions. The federal removal statute sets forth the procedure for removal of a civil action in 28 U.S.C. § 1446. In that regard, section (a) of § 1446 states, in relevant part, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . ." 28 U.S.C. § 1446(a).

Further, section (d) of § 1446, "Notice to adverse parties and State court," provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties ad shall file a copy of the notice with the clerk of such State court,

>which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

As the Third Circuit has made clear, "[i]n addition to establishing federal subject matter jurisdiction, a removing defendant must comply with several statutory *procedural* requirements," *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (citing 28 U.S.C. §§ 1446, 1447)) (emphasis added), which include those procedural steps set forth in § 1446. Courts in this District have concluded that "[b]y language alone, § 1446 requires three steps for effectuating removal to federal court: defendant must file the notice of removal in federal court, provide written notice to all adverse parties, and file a copy of notice with the clerk of the state court." *Dutton,* 423 F. Supp.3d at 87 (citing *La Maina v. Brannon*, 804 F. Supp. 607, 613 (D.N.J. 1984)). As such, "'removal is not complete until all three steps prescribed by 28 U.S.C. § 1446(d) are actualized.'" *Id.* at 88 (quoting *Westfield Ins. Co. v. Interline Brands, Inc.*, 2913 WK 1288194 at *2 (D.N.J. Mar. 25, 2013)). In analyzing whether all three procedural steps have been met, one court in this District found that failure to complete these steps "constitutes a defect compelling remand if not followed." *West Morris Regional High School Bd. of Educ.*, 2019 WL 6176347, at * 2 (D.N.J. Oct. 30, 2019)(LDW), *Report and Recommendation adopted by*, 2019 WL 6170723 (D.N.J. Nov. 19, 2019) (SDW). Guided by these decisions, this Court finds that if Defendants failed to complete all three steps to effectuate removal, it is a procedural defect, not jurisdictional. The Court next considers whether Defendants followed all three steps as required by § 1446.

As previously detailed herein, Defendants did not actually file their Notice of Removal in this Court until August 11, 2023. Accordingly, Lisa's electronic filing of the removal papers on August 4, 20023 in state court was at best premature, and at worst, a misrepresentation that the

case, at that time, had been removed. Further, Defendants' August 11th removal was not complete until they provided a copy of the Notice of Removal to Plaintiff and filed a copy with the state court. Based on the record presented, it is unclear whether Defendants ever completed the second step, by providing written notice of removal to Plaintiff. Plaintiff's counsel's declaration is silent on this issue. Nevertheless, even assuming Defendants did, the record confirms that Defendants did not complete the third step. Specifically, Lisa did not file, on behalf of Defendants, the Notice of Removal with the Clerk of the state court at any time before his suspension on August 18, 2023. Rather, as Plaintiff's counsel states, on August 23, 2023, Pavlovsky, acting *pro se*, electronically filed a copy of the August 23rd removal papers with the state court. (Pl. Br. at 8, ECF No. 4-1; Cooper Cert. at Exh. D, ECF No. 4-2 ). It is unclear whether the Clerk of the state court actually accepted the papers for filing. However, the record confirms that, on August 24, 2023, Judge Mega issued an Order staying the state court case based on the removal. (*Id.* at Exh. E). Thus, it appears that the state court at least had constructive notice of the removal.

      The parties do not address whether constructive notice of Pavlovsky's *pro se* submission satisfies the third step to effectuate the removal. Even assuming constructive notice was sufficient, the effectiveness of the removal would apply only to Pavlovsky, a *pro se* litigant, not to his co-defendant CHD, a limited liability corporation. Pavlovsky, a non-attorney, does not, and cannot, represent CHD. Further, a corporation cannot represent itself *pro se*, but rather "'may appear in federal courts only through licensed counsel.'" *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*, 2017 U.S. Dist. LEXIS 221107, at *11 n.4 (D.N.J. Mar. 28, 2017) (internal citation omitted). As a result, Pavlovsky's filing of the August 23rd removal papers in state court does not satisfy CHD's obligation to file written notice with the Clerk of the state court. Following Lisa's suspension, at no time did new counsel enter an appearance on behalf of CHD. In short, as both Defendants

7

failed to file a copy of the Notice of Removal with the state court as required by § 1446(d), this Court finds Defendants did not complete this final step as prescribed by statute. Accordingly, this failure constitutes a defect in the removal process, compelling remand, rather than dismissal. *See* 28 U.S.C. § 1446(d). It is therefore respectfully recommended that the motion to remand based upon this procedural defect be granted.

Even if this Court were to find that Defendants satisfied all three removal steps, (which it does not), this Court would still find that the amount in controversy does not exceed $75,000. Thus, subject matter jurisdiction is lacking for this independent reason.

**B. Challenge to the Amount in Controversy Requirement**

Defendants removed the case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). "Diversity exists when there is 'complete diversity' of the parties and the amount in controversy exceeds $75,000." *Jager v. Fleet Mgmt. Rd. Serv.*, 2021 U.S. Dist. LEXIS 204324, at * 6 (D.N.J. Oct. 22, 2021) (citing 28 U.S.C. § 1332(a)).

The parties do not appear to dispute that there is complete diversity of citizenship. As detailed in Defendants' Notice of Removal, Plaintiff is a citizen of New Jersey. (N/R at ¶ 8, ECF No. 1). Defendant Pavlovsky is a citizen of Florida. (*Id.* at ¶ 9). CHD is a limited liability company, (*Id.* at ¶ 10), whose citizenship is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Since the Notice of Removal states that Pavlovsky is the sole member of CHD, the citizenship of CHD is Florida. (*Id*). Although Plaintiff's motion papers are silent on whether there is diversity of citizenship, this Court finds complete diversity appears to exist based on Defendants' Notice of Removal. The Court next turns to the amount-in-controversy inquiry.

The Court determines the amount in controversy by reviewing the face of the Complaint and accepting Plaintiff's good faith allegations. *Douglas v. Jones*, 656 Fed. App'x 602, 603 (3d Cir. 2016). It is undisputed that, as alleged in the Complaint, Plaintiff seeks to enforce state and municipal land use law by enjoining Defendants from conducting illegal and dangerous demolition and construction without first obtaining the necessary approvals and permits. In their Notice of Removal, Defendants contend that the amount in controversy exceeds $75,000 since "Plaintiffs are seeking to permanently enjoin Defendants from entering onto or performing construction on the Property." (*Id.* at ¶ 12). Defendants accept the factual allegations contained in Plaintiff's Complaint. Defendants, however, assert that these allegations, along with Pavlovsky's statements in his Affidavit about the amount of annual property taxes for the Property, the purchase price for the Property, and the costs associated with their application before the Zoning Board, satisfy the more than $75,000 threshold. (N/R at ¶¶ 12-13; Pavlovsky Aff., ECF No. 1-2).

As Plaintiff correctly points out, the Complaint contains no allegations about a dispute over the amount of Defendants' property taxes, title to the Property, purchase price for the Property, or a challenge to any approvals or permits received by Defendant. (Pl. Bf. at 10 & 12). Plaintiff continues that Pavlovsky's statements in his Affidavit are irrelevant to Plaintiff's allegations in support of an injunction against Defendants and to the jurisdictional amount-in-controversy pre-requisite inquiry. (*Id.* at 10). In short, Plaintiff does not challenge the jurisdictional facts. This Court agrees. A dispute over jurisdictional facts cannot be manufactured by asserting new and irrelevant allegations in an affidavit attached to a notice of removal. Accordingly, the Court finds that the jurisdictional facts are not in dispute.

Where, as here, jurisdictional facts are not disputed, "courts must determine whether 'it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.'"[2] *Wilkins*, 2023 U.S. Dist. LEXIS 8491, at *22 (quoting *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007)); *see also Ifill v. CVS Pharmacy*, 2021 WL 486884, at * 2 (D.N.J. Feb. 9, 2021) (citing *Judon,* 773 F.3d at 502-03).  After reviewing Plaintiff's Complaint, this Court finds to a legal certainty that Plaintiff cannot recover more than $75,000 based on the claims asserted.[3] The Complaint contains three counts, detailing Defendants' violations of New Jersey's Municipal Land Use Law, Uniform Construction Code, and Uniform Fire Code.  (Compl., at Counts I-III).  As a result of Defendants' alleged misconduct, Plaintiff seeks injunctive relief in the nature of enjoining Defendants from continuing to engage in demolition and construction on the Property or entering the Property without obtaining the proper approvals and permits. (*Id.* at pp. 11-12).

For such matters, the amount in controversy is determined by "the value of the object in the litigation."  *Columbia Gas Trans. Corp.,* 62 F.3d at 541.  "'[T]he longstanding rule in this circuit is that, for purposes of determining the amount in controversy, the value of equitable relief

---

[2] The "legal certainty" test was adopted by the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

[3] As previously determined herein, Plaintiff concedes that the jurisdictional facts are not in dispute.  As such, it is curious that Plaintiff blanketly asserts that where jurisdictional facts are in dispute, the "'removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'"  (Pl. Bf. at 10) (internal citations omitted).  While Plaintiff is correct that the preponderance of the evidence test "applies to cases in which a party challenges the facts underlying the notice of removal of the party asserting jurisdiction," *Wilkins,* 2023 U.S. Dist. LEXIS 8491, at *12 (citing *Judon*, 773 F.3d at 503)), Plaintiff has acknowledged that it is not disputing the statements contained in Pavlovsky's Affidavit.  Rather, Plaintiff merely contends that Pavlovsky's new allegations about property taxes and the like are irrelevant to the allegations in the Complaint seeking injunctive relief.  Accordingly, as this Court has already determined, the legal certainty test applies.  Even if this Court were to apply the preponderance of the evidence test, the Court would conclude that Defendants have failed to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  As detailed *infra*, the amount in controversy is ascertained by the value of the object of the case.  *Columbia Gas Trans. Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).  To the extent Defendants' Notice of Removal can be construed as requesting that the Court value the rights Plaintiff is seeking to protect by the Property taxes and its purchase price as well as Defendants' zoning application costs, this Court rejects that request as such amounts are irrelevant to the amount in controversy inquiry.

must be determined from the viewpoint of the plaintiff rather than the defendant.'" *Schuylkill Tp. v. CitySwitch, LLC,* 2009 WL 2018531, at *4 (E.D. Pa. Jul. 13, 2009) (quoting *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994)).

Here, that amount in controversy is the value of Plaintiff's right to have its municipal zoning ordinances enforced. *See, e.g., id.* (finding, in case seeking injunctive and equitable relief, the "object of the litigation … is the Township's right to have its zoning ordinances enforced."); *Abington Township v. Crown Castle NG East LLC*, 2017 WL 57142, at *3 (D.N.J. Jan. 5, 2017). As one decision from the Eastern District of Pennsylvania succinctly concluded, "[t]he value of enforcement of an ordinance does not easily reduce to a dollar amount. When an action cannot be quantified as a dollar amount, 'jurisdiction cannot be predicated on 28 U.S.C. § 1332.'" *Schuylkill Tp.*, 2009 WL 2018531, at *4 (internal citation omitted). Thus, here, as Plaintiff's viewpoint is determinative, the amount of Defendants' property taxes and costs incurred with the zoning application are irrelevant. *See id.* (citing *Stewart v. Fairbanks Capital Corp.*, 2003 WL 21340266, at *5 (E.D. Pa. Jun. 10, 2003)). Given the value of the litigation from Plaintiff's viewpoint is enforcement of its ordinances, rather than money damages, the value is unquantifiable and speculative. Thus, the Court finds, to a legal certainty, that Plaintiff cannot recover more than $75,000 based on the claims and allegations asserted. *See id.* at *5.

Plaintiff's demand for counsel fees in the Complaint does not compel a different result. This is true even assuming potential attorney's fees are recoverable under New Jersey's Municipal Land Use Law, Uniform Construction Code, and Uniform Fire Code,[4] and so should be considered in calculating the amount in controversy. As one Court in this District concluded, "[e]ven under

---

[4] Under New Jersey law, attorney's fees are not recoverable absent express authorization by statute, court rule, or contract. *See First Atlantic v. Perez*, 391 N.J. Super. 419, 425 (App. Div. 2007); *see also Innes v. Marzano-Lesnevich*, 224 N.J. 584, 592-93 (2016).

the legal certainty test, 'a claim for an unspecified amount of attorney's fees does not necessarily satisfy the jurisdictional minimum.'" *See Sacchi v. ABC Financial Services, Inc.*, 2014 WL 4095009, at *6 (D.N.J. Aug. 18, 2014) (quoting *Zanger v. Bank of America, N.A.*, 2010 WL 3910142, at *4 (D.N.J. Oct. 1, 2010)). Where, as here, the bulk, if not all, of the recovery would be attorney's fees, it is insufficient to demonstrate Plaintiff is entitled to over $75,000. *See id.* at *4 ("courts have routinely rejected the argument that a plaintiff could meet the amount in controversy by relying primarily on the award of attorney's fees, rather than compensatory damages.") (collecting cases).

Accordingly, this Court concludes to a legal certainty that Plaintiff could not recover more than $75,000, even taking into consideration an award of attorney's fees. Thus, keeping in mind that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" *Boyer*, 913 F.2d at 111 (citation omitted), the Court finds Defendants have not met their burden of establishing that this Court has subject matter jurisdiction based on diversity. The Court, therefore, recommends that this action be remanded, not dismissed.

### C. Plaintiff's Request for Fees and Costs

Plaintiff also seeks costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c), based on Defendants' alleged misrepresentation that the case had been removed before August 11, 2023 and based on the lack of subject matter jurisdiction. The decision to award attorney's fees rests within the broad discretion of the Court. *See Siebert v. Norwest Bank Mn.*, 166 Fed. Appx. 603, 606–07 (3d Cir.2006).

Section § 1447(c) provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the removal was improper. However, fees and costs are a discretionary matter. Based on the record presented, the Court cannot conclude that the removal was made for any improper purpose, and thus Defendants lacked an "objectively reasonable basis." Therefore, the Court declines to recommend an award of costs and fees.

### III. CONCLUSION

For the reasons stated above and for good cause shown, this Court respectfully recommends that this matter be **REMANDED**, rather than dismissed, to the Superior Court of New Jersey, Chancery Division, Union County. The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: October 11, 2023

*s/ Jessica S. Allen*
Hon. Jessica S. Allen
United States Magistrate Judge

cc:   Hon. Susan D. Wigenton, U.S.D.J.